UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA,            :       CASE NO. 1:05-CR-00549
                                     :                 1:14-CV-02152
                                     :
        Plaintiff-Respondent,        :
                                     :
vs.                                  :       ORDER & OPINION
                                     :       [Resolving Doc. 45]
DANIEL McKINNEY,                     :
                                     :
        Defendant-Petitioner.        :
                                     :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Daniel McKinney asks the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] With his motion, Defendant McKinney challenges the Court's conclusion that he was a career offender.[2] The government opposes the motion.[3] For the reasons below, the Court **DENIES** McKinney's motion.

### I. Factual and Procedural Background

On Mach 14, 2006, Defendant Daniel McKinney pled guilty to one count of possession with intent to distribute cocaine base and one count of being a felon in possession of a firearm.[4] In the plea agreement, McKinney waived his rights to appeal or file § 2255 motions except as to (1) a sentence in excess of the statutory maximum; (2) a sentence above the advisory Guidelines range as determined by the Court; (3) "the criminal history calculation as determined by the Court for those objections timely raised"; and (4) claims of ineffective assistance of counsel or prosecutorial

---

[1] Doc. 45.
[2] *Id.*
[3] Doc. 47. McKinney has filed a reply. Doc. 53.
[4] Doc. 22.

Case No. 1:05-cr-00549
Gwin, J.

misconduct.[5/] The plea agreement also noted that a pre-plea pre-sentence report had indicated that McKinney was a career offender.[6/]

On April 10, 2006, the Court sentenced McKinney to 190 months' imprisonment.[7/] Despite the waiver in the plea agreement, McKinney timely appealed his sentence.[8/] Although McKinney's brief to the Sixth Circuit did assert that he should not have been classified as a career offender, the substance of his argument was that the Court should have departed downward from the Guidelines range.[9/] In April 2008, the Sixth Circuit affirmed McKinney's sentence, noting that he had not objected at sentencing to the determination that he was a career offender, and had thus waived his right to appeal that issue under the terms of the plea agreement.[10/] Defendant McKinney did not seek rehearing or certiorari, and the time for seeking certiorari expired in July 2008.

## II. Legal Standards

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[11/]

---

[5/] Doc. 24 at 5-6.
[6/] *Id.* at 4.
[7/] Doc. 29 at 23.
[8/] Doc. 27.
[9/] Final Brief of the Appellant, *United States v. McKinney*, 273 F. App'x 514 (6th Cir. 2008) (No. 06-3594), 2007 WL 2195583.
[10/] *McKinney*, 273 F. App'x at 517.
[11/] 28 U.S.C. § 2255(a).

Case No. 1:05-cr-00549
Gwin, J.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[12] And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[13] Moreover, arguments not raised on direct appeal may not typically be advanced in a § 2255 motion.[14]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions under § 2255 must be brought within a one-year limitations period. The limitations period begins to run from the latest of

> (1)[t]he date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[15]

The one year statute of limitations may be equitably tolled, but only if the petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"[16] Equitable tolling is assessed on a case

---

[12] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[13] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[14] *See, e.g.*, *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011).

[15] 28 U.S.C. § 2255(f).

[16] *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

-3-

Case No. 1:05-cr-00549
Gwin, J.

by case basis.[17]

## III. Analysis

McKinney's conviction became final in July 2008, when the time for McKinney to file a petition for certiorari from the Sixth Circuit's April 2008 decision affirming his sentence expired.[18] None of the alternate events triggering the limitations period applies in this case. In particular, McKinney has pointed to no government-created impediment to filing, nor have any new facts been discovered. And while McKinney does appear to suggest that the one year time period should run from the Supreme Court's decision in *Descamps v. United States*,[19] he acknowledges that *Descamps* did not set out a new rule.[20] The one year statute of limitations for McKinney to file a § 2255 petition thus expired in July 2009, one year after his conviction became final.

McKinney acknowledges that even if the one year limitations period runs from the date of the Supreme Court's decision in *Descamps*, his claim is untimely. McKinney says, however, that he is entitled to equitable tolling because he has diligently pursued his rights since his conviction and because he filed his petition within a month of learning about the *Descamps* decision.

But even if the Court were to fully accept this argument, McKinney would not have established his entitlement to equitable tolling. That is because, as noted above, *Descamps* neither announced a new rule nor restarted the limitations period. McKinney must thus justify waiting not

---

[17] *Id.*

[18] *See Clay v. United States*, 537 U.S. 522 (2003).

[19] 133 S. Ct. 2276 (2013) (holding that courts must use the categorical, rather than modified categorical, approach in assessing whether crimes specified in indivisible statutes are predicates for purposes of the Armed Career Criminal Act ("ACCA")). The Court notes that, unlike the ACCA predicate at issue in *Descamps*, the ACCA predicate in this case is based on a divisible statute. *See* Ohio Rev. Code § 2925.03.

[20] Docs. 45 at 8, 53 at 5-6; *see also United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor*/*Shepard* approach, which some courts had misconstrued." (citing *Descamps*, 133 S. Ct. at 2283)).

-4-

Case No. 1:05-cr-00549
Gwin, J.

only the fifteen months after *Descamps*, but the more than five years after the statute of limitations for his petition actually expired. This he cannot do. McKinney has offered no explanation–let alone one constituting an "extraordinary circumstance"–for failing to file his petition before the statute of limitations expired in July 2009. His claim for equitable tolling thus cannot succeed, and his petition is barred by the statute of limitations.

Moreover, even if McKinney's motion were not barred by the statute of limitations, he has waived the argument he advances in it in two different ways. First, McKinney failed to present this argument on direct appeal. With limited exceptions not applicable here, this prevents him from raising it under § 2255.[21]

Second, as the Sixth Circuit held in McKinney's direct appeal, the plea agreement contains an effective waiver of McKinney's appeal and collateral attack rights.[22] Although there are several carveouts–for example, ineffective assistance of counsel, prosecutorial misconduct, or objections to a criminal history determination that were timely raised[23]–none apply here.

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** Defendant McKinney's motion. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

---

[21] *See, e.g., Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011).
[22] *McKinney*, 273 F. App'x at 517.
[23] *See* Doc. 24.

Case No. 1:05-cr-00549
Gwin, J.

be taken in good faith, and that no basis exists upon which to issue a certificate of appealability.[24]

    IT IS SO ORDERED.


Dated: February 23, 2015          s/      *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[24] *See* 28 U.S.C. § 2253(c).