UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------------
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :      CASE NO. 1:05-CR-549
         Plaintiff-Respondent,                                  :
                                                                :
v.                                                              :      OPINION & ORDER
                                                                :      [Resolving Doc. No. 61]
                                                                :
DANIEL MCKINNEY,                                                :
                                                                :
         Defendant-Petitioner.                                  :
-----------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 12, 2015, Petitioner filed an Affidavit of Facts seeking relief under the Supreme Court's recent decision in *Johnson v. United States*.[1] The Office of the Federal Public Defender filed a motion to appoint counsel and request for leave to supplement the pending § 2255 petition.[2]

On November 20, 2015, this Court denied Petitioner's motion, finding that § 2255(h) requires that a second or successive § 2255 motion be certified by a panel of the appropriate court of appeals.[3] The Office of the Federal Public Defender filed a motion for reconsideration on behalf of Petitioner.[4]

For the below reasons, this Court **DENIES** Petitioner's motion for reconsideration.

---

[1] Doc. 58; *Johnson v. United States*, 135 S. Ct. 2551 (2015).
[2] Doc. 59.
[3] 28 U.S.C.A. § 2255.
[4] Doc. 61.

1

Case No. 1:05-CR-549
Gwin, J.

Petitioner's motion for reconsideration emphasized a Sixth Circuit case that distinguished between a second-in-time petition and a "second or successive" petition.[5/] However, *Bowling* stresses that a petition is not second or successive when the *factual* basis for the claim did not previously exist.[6/]

Petitioner cites to a recent Northern District of Ohio decision where Judge Carr stated, " a prisoner may file a second 2255 motion without the court of appeal's permission where 'an event transpired after the initial petition was filed...which caused a previously unripe claim to mature factually."[7/] Petitioner fails to quote Judge Carr's explanation of what constitutes an unripe claim. Judge Carr wrote, "' But what makes a claim unripe,' at least for purposes of the exception to the bar on second or successive motions, 'is that the factual predicate has not matured, not that the law was unsettled' or has changed."[8/]

The Tenth and Fifth Circuits have further clarified this point:

[The defendant asks] us to hold that a petition is non-successive if it rests on a rule of constitutional law decided after the petitioner's first habeas proceeding because such a claim would not have been previously available. But § 2244(b) prohibits such a result. Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition.[9/]

This Court agrees with the Tenth and Fifth Circuit that the language of §2255(h) and §2244(b) necessitates that new claims based on new constitutional law decisions are

---

[5/] *In re Bowling*, 2007 WL 4943732, at *2 (6th Cir. Sept. 12, 2007).
[6/] *Id.* at *3.
[7/] *Petaway v. United States*, 2015 WL 2365456, at *2 (N.D. Ohio May 18, 2015).
[8/] *Id.*, quoting *U.S. v. Claycomb,* 577 Fed.Appx. 804, 805 (10th Cir.2014).
[9/] *United States v. Claycomb*, 577 F. App'x 804, 805 (10th Cir. 2014) quoting *Leal Garcia v. Quarterman,* 573 F.3d 214, 221 (5th Cir.2009).

Case No. 1:05-CR-549
Gwin, J.

successive. As such, this Court finds that Petitioner must obtain authorization from the Sixth Circuit to file his successive motion for relief.

Further, although the Court does not reach the merits of Petitioner's underlying *Johnson* claim, the Court struggles to understand how *Johnson* could provide relief to Petitioner.

Petitioner was found to be a career offender under U.S.S.G. § 4B1.1 because he had two prior controlled substances. felony convictions.[10] In addition, Petitioner had a third underlying aggravated assault felony conviction. The Sixth Circuit has already held that aggravated assault in Ohio is a "violent felony" because it "has an element the use, attempted use, or threatened use of physical force against the person of another."[11] Thus, Petitioner almost certainly has "at least two prior felony convictions of either a crime of violence or a controlled substance offense" as required to be classified as a career offender under U.S.S.G. § 4B1.1.

The Sixth Circuit Court of Appeals rules provide that the clerk of the Sixth Circuit Court of Appeals shall appoint counsel in Section 2255 proceedings if the applicant is indigent. As such, this Court directs the Office of the Federal Public Defender to apply for appointment directly with the Sixth Circuit Court of Appeals.[12]

For the above reasons, this Court **DENIES** Petitioner's motion for reconsideration.

IT IS SO ORDERED.

Dated: December 11, 2015   s/ *James S. Gwin*
 JAMES S. GWIN
 UNITED STATES DISTRICT JUDGE

---

[10] PSR at 6–10 (Trafficking in Drugs (F-5), Cuyhaga County Common Pleas Court, Case No. CR426456 and Drug Trafficking (F-4), Possession of Drugs (F-4), Carrying a Concealed Weapon, Cuyahoga County Court of Common Pleas, Case No. CR460064A).

[11] *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012).

[12] 6. Cir. I.O.P. 22 Habeas Corpus and Section 2255 Proceedings.